THE PEOPLE *ex rel.* Edward G. Zilm, County Collector, Appellee, *vs.* JOHN DOE *et al.*—(THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.)

*Opinion filed December 17, 1912.*

1. TAXES—*meaning of section 14 of Roads and Bridges act, as amended in 1911.* The meaning of section 14 of the Roads and Bridges act of 1911 is, that in case the highway commissioners are of the opinion that a greater levy than that authorized by sec-tion 13 is needed for road and bridge purposes, and shall certify an additional levy, with the reason therefor, the additional levy may be made if the board of town auditors and the assessor con-sent thereto in writing; and their determination of the question whether the reason certified justifies the additional levy is final.

2. SAME—*what is a proper subject for an additional levy un-der section 14.* The building of a concrete retaining wall and the widening of the traveled roadway constitute a legitimate purpose for making an additional levy under section 14 of the Roads and Bridges act, as amended in 1911; and section 15 of said act, au-thorizing a levy to pay damages for laying out, widening, altering or vacating roads, does not apply.

3. SAME—*additional levy under amended section 14 need not be for some unusual purpose.* To justify an additional levy under section 14 of the Roads and Bridges act, as amended in 1911, the purpose therefor need not be an unusual or extraordinary one but may be for ordinary road and bridge purposes, provided the rea-son is certified by the highway commissioners and assented to, in writing, by the town auditors and the assessor.

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

WILLIAM D. FULLERTON, and A. B. ENOCH, for ap-pellant.

WILLIAM M. SCANLAN, and JOHN J. MASSIEON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On application of the county collector, in the county court of LaSalle county, for judgment against the property of appellant for the delinquent road and bridge taxes of the towns of Utica and Peru, the objections of appellant were overruled and an order was entered for judgment and sale. From this order appellant has appealed.

In each of the towns the commissioners levied a tax of thirty-six cents on the $100 valuation under section 13 of the Road and Bridge act, and in the town of Utica the board of highway commissioners, in addition thereto, filed their certificate, together with the written consent of the board of town auditors and the assessor, with the town clerk for an additional levy of twenty cents on the $100. This certificate stated that the additional levy was for the following purpose: "For a concrete wall on side of Crosiar hill and to widen the roadway. (Under section 14 of said chapter 121.)" In the town of Peru the board of highway commissioners filed their certificate, together with the written consent of the board of town auditors and the assessor, with the town clerk for an additional levy of twenty-five cents on the $100. This certificate stated that the additional levy was for "extending concrete retaining wall along bottom road in districts two (2) and three (3). (Under section 14 of said chapter 121.)"

Appellant first contends that section 14 of the Road and Bridge act as it now stands is meaningless and void, and being void, the section as it stood prior to the amendment of 1911 is still in force. We have had occasion at this term to construe said section 14 as amended in 1911, and have held that while the amendment of the section was awkwardly inserted, it is perfectly apparent that the meaning of the section as amended is, that in case the

commissioners are of the opinion that a levy greater than that authorized by section 13 is needed, and shall certify an additional levy, together with the reasons therefor, such additional levy may be made if the board of town auditors and the assessor approve the same, and that whether the reasons justify the additional levy is left entirely to the discretion of the board of town auditors and the assessor, and their determination thereof is final. *People* v. *DeKalb and Great Western Railroad Co. (ante,* p. 290;) *People* v. *Cairo, Vincennes and Chicago Railway Co. (ante,* p. 286.).

It is further contended that the additional levy for the town of Utica is void for the reason that it is sought to be made to pay for damages for widening a public highway, whereas assessments for the payment of damages for laying out, widening, altering or vacating roads are provided for otherwise by section 15 of the Road and Bridge act. It is apparent that this additional levy is not sought to be made to pay damages for widening the highway, but is simply for the purpose of building a retaining wall and widening the traveled roadway within the highway, and it was a legitimate purpose for the making of the levy.

As to the additional levy in the town of Peru, it is objected that the reason given for making it discloses that the money is sought to be raised for ordinary road purposes. A levy for the building of a concrete retaining wall can hardly be said to be for ordinary road and bridge purposes, but even so, said section 14 as it now stands permits an additional levy for ordinary road and bridge purposes. The only requirement of that section is, that the commissioners shall certify the need of a greater levy, give the particular reason therefor and secure the approval of the assessor and the town auditors.

The judgment of the county court is affirmed.

*Judgment affirmed.*